UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARILYN A. DAVIS,<br><br>    Plaintiff,<br><br>    v.<br><br>JP MORGAN CHASE BANK, et al.,<br><br>    Defendants. | Case No. 2:17-cv-02259-RFB-CWH<br><br>**ORDER** |

      Presently before the court is plaintiff's motion to seal (ECF No. 32), filed on June 25, 2018. Defendants filed a response (ECF No. 34) on July 2, 2018, and plaintiff replied (ECF No. 35) on July 9, 2018.

      Plaintiff requests leave to file her response to defendant's motion for summary judgment under seal, arguing that the attached exhibits contain unreacted personal identifiers.[1] Defendant opposes the motion to seal, arguing that majority of the pages in plaintiff's response do not contain personal identifiers. Plaintiff replies with the specific pages that contain personal information and requests the court to seal those pages.

      The court recognizes a strong presumption in favor of the public's right to access judicial records. *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (stating that the "strong presumption of access to judicial records applies fully to dispositive pleadings, including motions for summary judgment and related attachments."). An exception exists for "[a] narrow range of documents" that are "traditionally . . . kept secret for important policy reasons." *Id.* The party moving to seal a dispositive motion must provide compelling reasons to overcome the presumption. *Id.* The court then balances the interests of the public and the interests of the moving party. *Id.* Exposure to embarrassment, incrimination, or further

---

[1] The exhibits at issue are filed at ECF No. 31.

litigation, are not compelling reasons to seal a record. *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003). Under Rule 5.2 of the Federal Rules of Civil Procedure and Local Rule IC 6-1, parties should partially redact personal-data identifiers from court filings. Personal-identifiers include social security numbers, names of minor children, dates of birth, financial account numbers, home addresses, and tax identification numbers. LR IC 6-1.

Here, the pages plaintiff identified contain a number of personal-data identifiers, including plaintiff's financial account numbers, social security number and tax identification number. The court recognizes plaintiff's interest in protecting her personal information, and therefore, the court will order the Clerk of Court to seal ECF No. 31. However, the document at issue plays a vital role "in the resolution of a dispute on the merits . . . [that] is at the heart of the interest in ensuring the public's understanding of the judicial process . . . ." *Kamakana*, 447 F.3d at 1179. Thus, plaintiff must refile a redacted version of ECF No. 31 for the public record pursuant to LR IC 6-1.

IT IS THEREFORE ORDERED that plaintiff's motion to seal (ECF No. 32) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of Court must seal plaintiff's response to defendants' motion for summary judgment (ECF No. 31).

IT IS FURTHER ORDERED that plaintiff must file a redacted copy of the response (ECF No. 31) by July 30, 2018.

DATED: July 18, 2018

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE